FILED
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

2004 DEC 22 PM 3:24

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR101-0061-003 |
| ) | |
| DANIEL JOSEPH MCAK, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**APPEAL OF DETENTION ORDER AFTER PRELIMINARY HEARING**

Now comes the United States of America, by and through Lisa Godbey Wood, United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorney, and respectfully files the following response to Defendant's Appeal of Detention Order After Preliminary Hearing:

1. Defendant was sentenced by this Court on March 13, 2002, to 14 months imprisonment and three years supervised release following his conviction on charges of Conspiracy to Distribute and Possess With Intent to Distribute Methylenedioxmethamphetamine, Methamphetamine, and LSD.

2. Defendant completed his jail term, and began supervision on April 23, 2003. Defendant's conditions of supervision included, among other things, that he submit to drug testing, that he refrain from committing another federal, state or local crime, and that he refrain from any unlawful use of controlled substances.

3. On October 18, 2004, Federal Probation Officer John R. Bunch found a "clean urine" dispensing device on Defendant Mack's person while the defendant was attempting to provide a urine sample to his Federal Probation Officer. A week later, the defendant was arrested by the Barnwell County Sheriff's Office and charged with defrauding a drug/alcohol urine test. Those charges are pending.

4. After the dispensing device was confiscated from Defendant on October 18, 2004, the defendant provided a urine sample to Probation Officer Bunch for drug testing purposes. That sample tested positive for THC (a chemical found in marijuana) and Cocaine, and the defendant signed an "Admission of Drug Use" form admitting to the use of THC and Cocaine two days earlier, on October 16, 2004.

5. On October 31, 2004, the defendant again provided a urine sample to the Probation Officer for drug testing. That sample tested positive for Cocaine, and the defendant signed an "Admission of Drug Use" form admitting to the use of Cocaine three days earlier, on October 28, 2004.

6. On November 2, 2004, Probation Officer Bunch prepared a letter outlining Defendant Mack's alleged violations of supervised release, and submitted it to the United States Probation Office in this district.

7. On November 10, 2004, Probation Officer Curtis Mitchell filed a Petition for Warrant or Summons for Offender Under Supervision outlining the alleged probation violations by Defendant Mack, and recommending that the defendant's supervised release be revoked. On that same date, this Honorable Court issued a warrant for the defendant's arrest.

8. On Friday, December 17, 2004, the defendant met with Probation Officer Bunch and provided another urine sample to him for drug testing purposes. That sample tested positive for Cocaine. No admissions were made at that time by Defendant Mack regarding his drug use, and the urine sample was sent to Scientific Testing Laboratories, Inc. for confirmation of the initial positive test result. (The related Chain of Custody Form is attached hereto.)

9. An initial appearance and preliminary hearing was scheduled by Magistrate Judge Barfield for Monday, December 20, 2004. Defendant Mack voluntarily appeared at that hearing as required.

10. At the initial appearance hearing, the defendant waived his right to a preliminary hearing. The Magistrate Judge, after hearing from counsel on the issue of detention, subsequently ordered Defendant's detention pending a Supervised Release Revocation hearing. In his ruling Judge Barfield cited the defendant's use of a device intended to thwart accurate drug testing, and the defendant's continued drug use to support Defendant's detention. The Court also, when ordering Defendant's detention, properly relied upon the guidance provided in 18 U.S.C. 3565(b), relating to the revocation of probation, which mandates revocation where a defendant possesses a controlled substance. 18 U.S.C. §3583(f) includes a similar mandate for those on supervised release.

11. Defendant subsequently filed an appeal of the detention order, setting forth facts to support his contention that he is not a flight risk, and summarily stating that he does not pose a danger to the community. Defendant also stated that the Court should have analyzed the detention issue under the standard set forth in 18 U.S.C. § 3143(a), relating to detention pending sentence and appeal, rather than 18 U.S.C. §3565(b).

12. Notably, 18 U.S.C. 3143(a) provides that where a person's conviction is of a particularly serious nature, including a drug trafficking offense, the Court is required to detain that defendant

pending sentencing, unless "the government has recommended that no sentence of imprisonment be imposed on the person, *and* the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *See* 18 U.S.C. § 3143(a)(2)(A) & (B). Here the government has made no assertion that it will not seek jail time under the revocation petition; and the defendant has failed to present clear and convincing evidence that he does not pose a danger to the community.

13. Although the government concedes that the defendant's ties to the community and voluntary surrender on December 20th tend to support his assertion that he is not a flight risk, overwhelming evidence shows that the defendant poses a continued danger to the community. Specifically, while under the supervision of the United States Probation Office the defendant continued to violate the law by using illegal drugs, (he has had three positive drug screens in the past 2 months), and made detection of any earlier drug use impossible through fraudulent means. This continued illegal activity supports the Magistrate Court's finding that the defendant remains a danger to the community, and should be detained. *See generally United States v. Provenzano*, 605 F.2d 85, 95 (3rd Cir. 1979)(in analyzing release decision pending appeal, the court held that "a defendant's propensity to commit crime generally . . . may constitute a sufficient risk of danger to come within the contemplation of the [Bail Reform] Act.")

14. Further, the local United States Probation Office in conversations with this office, has recommended that the defendant be detained pending his revocation hearing.

WHEREFORE, the government respectfully moves the Court to deny Defendant's Appeal of Detention Order After Preliminary Hearing.

Respectfully submitted this 22nd day of December, 2004.

                                           LISA GODBEY WOOD
                                           UNITED STATES ATTORNEY

                                           */s/ Nancy C. Greenwood*
                                           Nancy C. Greenwood
                                           Assistant United States Attorney
                                           Georgia Bar No. 309179
                                           Post Office Box 2017
                                           Augusta, GA 30903
                                           (706) 724-0517

**Scientific Testing Laboratories, Inc.**
PROFESSIONAL DRUG AND ALCOHOL ABUSE TESTING FACILITIES
450 Southlake Boulevard • Richmond, VA 23236 • 804/378-9130
www.scitest.us • 800/977-9130 • Fax: 804/379-5919

Chain of Custody for Drug Analysis
**FEDERAL PROBATION SERVICES**



### Results Name & Address

US Courts SC Prob-Columbia
1835 Assembly Street
Columbia SC 29201
Todd Salley
803-765-5441

**Specimen No.: C 0 0 0 5 1 5 5 0**

**Account No.: 0 4 2 0 0 0 0 2 P**

Tests Ordered (check all that apply)
☐ Primary Test Panel   ☐ Secondary Test Panel   ☐ Special Test Panel
☑ Confirmation Only (specify) Cocaine
☐ Individual Special Tests (specify) _____

### SPECIMEN ID INFORMATION

Collector's Name
Last: Bunch   First: John

Case Officer Initials: JRB   Date Collected: 12-17-04
☐ 01 Officer ☐ 02 Treatment Program ☐ 03 Other _____

Offender/Defendant Name
Last: Mack   First: Daniel

PACTS No. _____
Onsite Barcode/Test ID _____
☑ Probation
☐ Pretrial Services

Reason for Specimen
☐ 01 Presentence Report   ☐ 02 Substance Abuse Treatment   ☐ 03 Mental Health Treatment
☑ 04 Urine Surveillance   ☐ 05 Pretrial Report   ☐ 06 Other (specify) _____

### MEDICAL QUESTIONNAIRE

Medicine(s) Name: None   Reason for Use:   Date Used:

### Offender/Defendant Certification

I certify the specimen I have provided on this date is my own and has not been adulterated. The specimen bottle was sealed in my presence. I have verified that the specimen number on the form, the barcode, and the specimen security seal are identical.

_[signature]_  12-17-04
Offender/Defendant Signature   Date

### Specimen Collector Certification

I certify I collected the specimen identified by the specimen number on this form in accordance with the required collection procedures. I certify I applied the numbered security seal and barcode to the specimen bottle in the offender/defendant's presence. I have verified that the specimen number on the form, the barcode, and the specimen seal are identical.

_John R. Bunch_  12-17-04
Collector's Signature   Date

### Specimen Transfer Certification

I certify I prepared for transfer to the testing laboratory the specimen identified by the specimen number on this form and have verified the identity of the specimen with its collection chain of custody documentation. I certify I applied the numbered security seal and barcode to the specimen bottle. I have verified the specimen number on the form, the barcode, and specimen security seal are identical.

_____   _____
Transferer's Signature   Date

Apply Barcode Vertically on Bottle

JRB  12-17-04   _[initials]_

Use second seal and barcode for specimens screened on site →

### COLLECTOR INSTRUCTIONS

- COMPLETE - Specimen ID information before collection
- COLLECT - Specimen in accordance with Administrative Procedures
- AFFIX - Security Seal and barcode to specimen bottle as illustrated above
- ASK - Offender/Defendant to verify the bottle was sealed in his/her presence
- INITIAL - Initial security seal and enter date collected
- ASK - Offender/Defendant to read, sign, and date Offender/Defendant Certification
- SIGN - Specimen Collector Certification after sealing specimen bottle and applying security seal

**DONOR-RETAIN FOR YOUR RECORDS    PLY 3**

## CERTIFICATE OF SERVICE

This is to certify that I have this 22nd day of December, 2004, served counsel in the foregoing matter with a copy of the **Government's Response to Defendant's Appeal of Detention Order After Preliminary Hearing** by sending a copy by facsimile and by depositing a copy of the same in the United States mail in a postpaid envelope, properly addressed to:

>William J. Keogh, III
>Hull, Towill, Norman, Barrett & Salley
>P.O. Box 1564
>Augusta, GA 30903

>Nancy C. Greenwood
>Assistant United States Attorney